# COURT OF CHANCERY
# OF THE
# STATE OF DELAWARE

KATHALEEN ST. JUDE MCCORMICK
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

September 7, 2022

Peter J. Walsh, Jr., Esquire
Kevin R. Shannon, Esquire
Christopher N. Kelly, Esquire
Mathew A. Golden, Esquire
Callan R. Jackson, Esquire
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19801

Brad D. Sorrels, Esquire
Wilson Sonsini Goodrich & Rosati, P.C.
222 Delaware Avenue, Suite 800
Wilmington, DE 19801

Edward B. Micheletti, Esquire
Lauren N. Rosenello, Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
920 N. King Street, 7th Floor
P.O. Box 636
Wilmington, DE 19899-0636

> Re: *Twitter, Inc. v. Elon R. Musk et al.*,
> C.A. No. 2022-0613-KSJM

Dear Counsel:

Defendants Elon R. Musk, X Holdings I, Inc., and X Holdings II, Inc. ("Defendants") have moved pursuant to Court of Chancery Rule 59(f) for reargument of the court's August 25, 2022 Order (the "Order").[1]  The Order resolved issues raised in Defendants' August 19, 2022 letter (referred to in the Order and here as Defendants' "Third

---

[1] *See* C.A. No. 2022-0613-KSJM, Docket ("Dkt.") 320 ("Mot. for Reargument"); *see also* Dkt. 391 (Pl.'s Opposition to Defs.' Mot. for Reargument).

Discovery Motion")[2] by denying Defendants' request that the court compel Plaintiff Twitter, Inc. ("Plaintiff") to collect documents using a more extensive date range.[3] For the reasons that follow, the motion for reargument is denied.

"The Court will deny a motion for reargument 'unless the Court has overlooked a decision or principle of law that would have a controlling effect or the Court has misapprehended the law or the facts so that the outcome of the decision would be affected.'"[4] If a motion for reargument "merely rehashes arguments already made by the parties and considered by the Court" in rendering the decision for which reargument is sought, the motion must be denied.[5] On a motion for reargument, the movant bears a "heavy burden."[6]

Defendants first argue that the Order fails to explain the basis for the court's decision,[7] but that is not true. The Order identifies four specific grounds for denying Defendants' request. It provides:

> I have carefully reviewed Defendants' Third Discovery Motion and Plaintiff's response. Given the timing of Defendants'

---

[2] Dkt. 189 (Defs.' Third Disc. Mot.); *see also* Dkt. 232 (Pl.'s Opposition to Defs.' Third Disc. Mot.).

[3] Dkt. 249 (Order) at 2.

[4] *Nguyen v. View, Inc.*, 2017 WL 3169051, at *2 (Del. Ch. July 26, 2017) (quoting *Stein v. Orloff*, 1985 WL 21136, at *2 (Del. Ch. Sept. 26, 1985)).

[5] *Wong v. USES Hldg. Corp.*, 2016 WL 1436594, at *1 (Del. Ch. Apr. 5, 2016).

[6] *In re ML/EQ Real Est. P'ship Litig.*, 2000 WL 364188, at *1 (Del. Ch. Mar. 22, 2000) (quoting *Arnold v. Soc'y for Savs. Bancorp*, 1995 WL 408769, at *1 (Del. Ch. June 30, 1995)).

[7] Mot. for Reargument ¶ 8.

> demand that Plaintiff expand its date range, the large volume of documents produced by Plaintiff to date, the burden on Plaintiff resulting from my ruling on Defendants' Second Discovery Motion, and the additional burden granting Defendants' Third Discovery Motion would place on Plaintiff, the Third Discovery Motion is denied.[8]

Though brief, the Order set out my bases: timing and burden.

Defendants next argue that I misapprehended or overlooked facts concerning the timing issue. Not so. Twitter devoted a whole section of its Opposition to Defendants' "tactical delay."[9] I credited those arguments. Defendants disagrees with that decision, but disagreement is not a basis for reargument.

Defendants last argue that I overlooked factors mitigating Twitter's burden. Again, not so. Twitter's present discovery obligations in this case are substantial and were significantly expanded by this court's order requiring Twitter to reconstruct a "historical snapshot" of its Q4 2021 audit.[10] In an expedited matter such as this one, the court's already significant discretion to assess the proportionality of discovery requests is necessarily enhanced.[11]

In a version of this last argument, during the September 6, 2022 oral argument on this motion, Defendants took the position that I *could* mitigate Twitter's burden by ordering

---

[8] Order at 2.

[9] Pl.'s Opposition to Defs.' Third Disc. Mot. at 17–21.

[10] *See* Dkt. 247 (Order Resolving Defs.' Second Disc. Mot.).

[11] *See Tang Capital P'rs, LP v. Norton*, C.A. No. 7476-VCG, at 20 (Del. Ch. July 11, 2012) (TRANSCRIPT) ("In an expedited case, [the court's] discretion to control discovery is necessarily enhanced [ . . . ] some rocks are going to remain right-side up.").

Twitter to produce narrow categories of "low hanging fruit" from the expanded date range. But Defendants did not ask for the low-hanging fruit when they argued their Third Discovery Motion. Instead, Defendants overshot and asked for too much. That was a mistake, and I denied their Third Discovery Motion for that reason. Further reflection on the matter is not a reason for reargument; Defendants' more reasonable requests come too late.

IT IS SO ORDERED.

Sincerely,

/s/ Kathaleen St. Jude McCormick

Kathaleen St. Jude McCormick
Chancellor

cc:    All counsel of record (by *File & ServeXpress*)